UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Patrick J. Aylward,

Debtor.

Bankr. No. 95-42488
Adv. No. 4-00-190

Patrick J. Aylward,

Appellant,

v.

United States of America,

Appellee.

Civil File No. 01-332 (PAM)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on an appeal from the Order for Judgment of the United States Bankruptcy Court, granting a dismissal of the adversary case filed by Appellant Patrick J. Aylward. For the reasons that follow, the Bankruptcy Court's order is affirmed.

**BACKGROUND**

Appellant Patrick J. Aylward ("Aylward") commenced his current Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Minnesota on May 8, 1995. He had previously filed two other Chapter 13 petitions, one on January 12, 1990, which was dismissed on December 1, 1993, and the second on June 30, 1994, which was dismissed on January 24, 1995.

At issue in this appeal is a proof of claim filed in the current petition by the Internal

FILED MAY 04 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAY 04 2001
DEPUTY CLERK

Revenue Service ("IRS"). The IRS filed the proof of claim in August 1995, listing unsecured priority claims of $86,380.89, the amount Aylward owed for unpaid federal income taxes plus interest for the years 1988 and 1989. Aylward brought this adversary proceeding, seeking a judgment that the IRS's claims were discharged in his current bankruptcy proceeding. The Honorable Nancy C. Dreher of the Bankruptcy Court, on the IRS's motion, dismissed Aylward's Complaint for failure to state a claim on which relief could be granted. Aylward appeals that judgment here.

**DISCUSSION**

This Court has jurisdiction over final orders entered by the Bankruptcy Court. 28 U.S.C. § 158(a)(1). On appeal from a bankruptcy court proceeding, this Court reviews that court's legal conclusions de novo and its factual findings under a clearly erroneous standard. See Gourley v. Usery, 123 F.3d 1089, 1093 (8th Cir. 1997).

Under the bankruptcy code, a tax liability is nondischargeable only if that liability became due less than three years before the filing of the bankruptcy petition. 11 U.S.C. § 507(a)(8)(A)(i). Because Aylward's tax liabilities for 1988 and 1989 became due more than three years before he filed his current bankruptcy petition, he argues that those liabilities should be discharged. The Government contends that because the IRS was prevented from collecting on Aylward's 1988 and 1989 tax liabilities during the pendency of his previous bankruptcy petitions, the three-year period of § 507(a)(8)(A)(i) should be tolled for the period of the previous petitions. If the three-year period is tolled, Aylward's 1988 and 1989

tax liabilities are not dischargeable by the current petition. The Bankruptcy Court agreed with the Government's position, and dismissed Aylward's case against the Government.

The Eighth Circuit has addressed the precise issue presented here. In Waugh v. Internal Revenue Service, 109 F.3d 489 (8th Cir. 1997), the court held that the three-year "look-back" period of § 507(a)(8)(A)(i) should be tolled in situations where the debtor had prior bankruptcy petitions that prevented the IRS from collecting the debtor's tax liabilities. Waugh, 109 F.3d at 493. According to the Eighth Circuit, refusing to toll the look-back period for prior bankruptcy petitions would frustrate Congress's intent to provide the IRS a three-year priority for the collection of taxes. Id.

Aylward argues that this Court is not bound to follow the Waugh decision because the facts of his case are distinguishable from the facts of Waugh. Specifically, he contends that the holding of Waugh depended on the Eighth Circuit's assumption that the bankruptcy debtor in that case had abused the bankruptcy process by filing multiple petitions in an attempt to circumvent the three-year look-back period. Contrary to Aylward's representations, however, the Waugh case did not depend on any finding by the Eighth Circuit that the debtor was abusing bankruptcy process. Indeed, the Eighth Circuit was careful to say that it did not assume that the debtor had any "ill intentions" when he filed his bankruptcy petitions. Waugh, 109 F.3d at 494. The holding of Waugh is not limited to situations where the court finds such ill intentions, and this Court will not ignore Waugh's holding on that basis.

Aylward also asks this Court not to follow the Waugh decision because he contends that the Eighth Circuit's reasoning in Waugh was flawed. However, as Aylward is certainly aware, this Court is not empowered to overturn decisions of the Eighth Circuit. BPS Guard Servs. v. NLRB, 942 F.2d 519, 524 (8th Cir.1991) (Eighth Circuit holdings bind all district courts in the circuit and district courts must follow those holdings until reversed by the Eighth Circuit en banc or the United States Supreme Court). If Aylward believes that the Waugh case was wrongly decided, he must take that issue up with the Eighth Circuit sitting en banc. Liberty Mut. Ins. Co. v. Elgin Warehouse & Equip., 4 F.3d 567, 571 (8th Cir. 1993) (only en banc court may overturn prior panel decision).

**CONCLUSION**

This Court is bound to follow the holding of the Eighth Circuit in Waugh. Under that decision, the tax liabilities owed by Aylward are not dischargeable. Therefore, his claim was properly dismissed by the Bankruptcy Court.

Accordingly, **IT IS ORDERED** that the Order for Judgment of the United States Bankruptcy Court for the District of Minnesota is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 4, 2001.

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: MAY 0 4 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995